DAVIS, PARRY & TYLER
By: Robert S. Davis
Email: rsdavis@dpt-law.com
Attorney I.D. No. 02752
Fourteenth Floor
1525 Locust Street
Philadelphia, PA  19102-3732                    Attorney for Defendant,
(215) 732-3755                                  Asphalt Maintenance Solutions, LLC

---

| | | |
|---|---|---|
| MARK CHMIELEWSKI | : | IN THE UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| v. | : | PENNSYLVANIA |
| | : | |
| UPPER MOUNT BETHEL TOWNSHIP and | : | |
| ASPHALT MAINTENANCE SOLUTIONS, LLC | : | NO. |

---

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA:

      Asphalt Maintenance Solutions, LLC, defendant in the above matter, by and through its

attorney, Robert S. Davis, hereby files a Notice of Removal of said case from the Court of Common Pleas

of Northampton County, Commonwealth of Pennsylvania, in which it is now pending, to the United States

District Court for the Eastern District of Pennsylvania, and in support hereof, avers as follows:

      1.  This action was commenced by way of a Complaint filed in the Court of Common Pleas

of Northampton County, Commonwealth of Pennsylvania on July 28, 2008 and is docketed at

C0048CV2008-7393.  The Complaint was served on petitioner on or about August 5, 2008.

      2.  The Complaint avers that the plaintiff received certain personal injuries and suffered

losses related thereto in an accident which occurred on July 29, 2006 on Riverton Road in Upper Mount

Bethel Township, Pennsylvania.

      3.  Plaintiff was, at the time this action was commenced, and is at the present time, a citizen of the State of New Jersey.

      4.  Defendant, Upper Mount Bethel Township, was, at the time this action was commenced, and is at the present time, a municipal corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

      5.  Defendant, Asphalt Maintenance Solutions, LLC, was, at the time this action was commenced, and is at the present time, a limited liability company authorized to do business in the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

      6.  The value of the matters in controversy, as appearing from the allegations contained in the Complaint, exceeds the amount of $50,000.00, exclusive of interest and costs.

      7.  The present lawsuit is removable from the state court to the District Court of the United States pursuant to 28 U.S.C. Section 1332(a)(1) and Section 1441(a).

      8.  Copies of all process and pleading which have been received by moving defendant are filed herewith.

      9.  This notice is timely, it being filed within thirty days of receipt by defendant of a copy of the Complaint setting forth the claims of relief upon which the action is based.

      10.  Defendant, Upper Mount Bethel Township, consents to the removal of this action from the state court to the District Court of the United States, a fact confirmed by counsel representing same in this action.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Northampton County, Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.


Date:   August 22, 2008

ROBERT S. DAVIS
Attorney for Defendant, Asphalt Maintenance
Solutions, LLC

DAVIS, PARRY & TYLER
By: Robert S. Davis
Email: rsdavis@dpt-law.com
Attorney I.D. No. 02752
Fourteenth Floor
1525 Locust Street
Philadelphia, PA  19102-3732     Attorney for Defendant,
(215) 732-3755     Asphalt Maintenance Solutions, LLC

---

| | |
|---|---|
| MARK CHMIELEWSKI | : IN THE UNITED STATES DISTRICT COURT |
| | : FOR THE EASTERN DISTRICT OF |
| v. | : PENNSYLVANIA |
| | : |
| UPPER MOUNT BETHEL TOWNSHIP and | : |
| ASPHALT MAINTENANCE SOLUTIONS, LLC | : NO. |

---

## AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA    :
                                    SS
COUNTY OF PHILADELPHIA             :

        Robert S. Davis, being duly sworn according to law, hereby deposes and says that he is the

attorney for the defendant, Asphalt Maintenance Solutions, LLC, in the within action; that he has the

authority to make this Affidavit on its behalf; that he has read the foregoing Notice of Removal and knows

the contents thereof; and that the same is true and correct to the best of his knowledge, information and

belief.

                                                  _____
                                                  ROBERT S. DAVIS
                                                  Attorney for Defendant, Asphalt Maintenance
                                                  Solutions, LLC

Sworn to and subscribed
Before me this 22nd day
of August, 2008.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
THOMAS E. TYLER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 31, 2011

## CERTIFICATION OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing document upon the individuals indicated on the attached below by depositing a copy of same in the United States Mail, Philadelphia, Pennsylvania with First Class postage prepaid, which service satisfies the requirements of all applicable rules of civil procedure:

John R. Vivian, Jr., Esquire
Law Offices of John R. Vivian, Jr.
831 Lehigh Street
Easton, PA 18042
*Attorney for Plaintiff*

Kevin W. Lynch, Esquire
Law Offices of Thomas Patrick Fay
United Plaza
30 South 17th Street
Suite 1730
Philadelphia, PA 19103
*Attorney for Defendant, Upper Mount Bethel Township*

Date:   August 22, 2008

ROBERT S. DAVIS
Attorney for Defendant, Asphalt Maintenance
Solutions, LLC

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| MARK CHMIELEWSKI, | ) | No. C0048CV2008 *7393* |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| UPPER MOUNT BETHEL TOWNSHIP, First | ) | |
| Defendant, and ASPHALT MAINTENANCE | ) | |
| SOLUTIONS, LLC, Second Defendant, | ) | |
| Individually and Jointly, | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

## NOTICE

        You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

        IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
155 South Ninth Street
Easton, Pennsylvania 18042
Telephone: (610) 258-6333

        The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please call (610) 559-3000. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| MARK CHMIELEWSKI, | ) | No. C0048CV2008 7393 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| UPPER MOUNT BETHEL TOWNSHIP, First | ) | |
| Defendant, and ASPHALT MAINTENANCE | ) | |
| SOLUTIONS, LLC, Second Defendant, | ) | |
| Individually and Jointly, | ) | CIVIL ACTION |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

1.      Plaintiff, Mark Chmielewski, is an adult individual residing at 12 Alphano Road, Great Meadows, State of New Jersey, and at all times relevant herein was the owner and operator of a 1988 Harley Davidson motorcycle model FXSTC bearing State of New Jersey Registration Plate F623R.

2.      First Defendant, Upper Mount Bethel Township (hereinafter referred to as "Township"), is a municipal corporation with its principal place of business at Upper Mount Bethel Township Municipal Building, 387 Ye Old Highway, Mount Bethel, Northampton County, Commonwealth of Pennsylvania, and at all times mentioned herein was the owner of and/ or responsible for the maintenance of Riverton Road at or near the site of the accident more particularly described hereinafter; said accident having occurred in an area described by GPS coordinates at 40 degrees, 51 minutes and 28.84 seconds of latitude and 75 degrees, 7 minutes, 39.55 seconds of longitude.

3.     Second Defendant, Asphalt Maintenance Solutions, LLC, is a limited liability company, corporation, partnership, association or other business entity authorized to do business in the Commonwealth of Pennsylvania, with its principal place of business at 1714 Dell Street, City of Allentown, Lehigh County, Commonwealth of Pennsylvania, and at all times relevant herein was a supplier of materials and services for the resurfacing of Riverton Road to the First Defendant Township and as such were the agents, servants and employees of First Defendant Township.

4.     On or about December 7, 2006 Notice of Intention to File Suit against First Defendant Township was sent Certified Mail to Defendant Township pursuant to 42 Pa.C.S.A. Section 8541; said notice was signed for and received by First Defendant Township on December 8, 2006.

5.     The amount in controversy exceeds the amount established by the Court of Common Pleas of Northampton County Pennsylvania for compulsory arbitration in that the amount in controversy exceeds Fifty Thousand ($50,000) Dollars.

6.     On our about Saturday, July 29, 2006, at approximately 2:15 to 2:20 p.m., Plaintiff, Mark Chmielewski, was proceeding westbound on Riverton Road in Upper Mount Bethel Township.

7.     At the time, date and place aforesaid, as Plaintiff, Mark Chmielewski, was proceeding at a reasonable rate of speed through a left hand turn located at 40 degrees, 51 minutes, 28.84 seconds of latitude and 75 degrees, 7 minutes and 39.55 seconds of longitude, when his motorcycle slid on the gravel and/or loose aggregate, causing the rear wheel of his

motorcycle to kick and to go out of control, whereupon the motorcycle crossed the center of the

road, when he was struck by a 2003 Toyota Matrix operated by one Stanley Smith, causing him

serious and grievous bodily injury including, but not limited to, a crushing and comminuted

injury to his left leg which later resulted in amputation, a fractured right wrist, sprained right

ankle, cracked lower 4th lumbar vertebrae and a partially collapsed lung, as well as various

contusions and bruises, all of which have rendered him sick, sore and disabled.

8.      At the time, date and place aforesaid and for a day, or in the alternative a number

of days, before this accident the First Defendant Township, with the aid and assistance of the

Second Defendant Asphalt Maintenance Solutions, LLC (hereinafter "AMS"), had been

resurfacing the road surface of Riverton Road by the application of a cover aggregate and various

chemical processes.

9.      At the time, date and place aforesaid, the First Defendant Township and the

Second Defendant AMS were responsible for the posting of signs and monitoring of traffic in the

area of Riverton Road upon which resurfacing with aggregate materials was being performed.

10.     At the time, date and place aforesaid, the management of traffic, access to the

Riverton Road area undergoing resurfacing, the signing of the area, warning as to potential

hazards and danger, appropriate speed limit selections and decisions as to whether or not to allow

traffic to enter this area were all within the control of the First Defendant Township and/or

Second Defendant AMS, and in the alternative, these decisions undertaken by the First

Defendant Township were under advise and instruction of Second Defendant AMS.

### First Cause of Action

**Mark Chmielewski**
vs.
**First Defendant Township and
Second Defendant AMS**

11.     Plaintiff incorporates by reference all of the allegations contained in paragraphs one through ten inclusively as though same were set forth more fully and at length herein.

12.     At the time, date and place aforesaid, the careless and negligent acts of the First Defendant Township and the Second Defendant AMS, individually and jointly, consisted of the following:

a.      In failing to keep the site of the accident on Riverton Road, as specifically described above, in a reasonably safe condition for motor vehicle operation;

b.      In failing to use reasonable care and diligence in the resurfacing of Riverton Road at the site of the accident with regard to the methods of aggregate preparation and application;

c.      In failing to spread the aggregate (gravel) within sufficient time after the asphalt materials were applied to the pavement service, and in failing to ensure proper adherence to the road surface;

d.      In failing to use reasonable care and diligence to ascertain whether or not there was loss of cover aggregate and/or aggregate whip-off following the resurfacing of Riverton Road in the area of the accident at any time prior to allowing traffic to proceed to use said recently resurfaced road;

e. In failing to use reasonable care to ensure that suitably prepared aggregate was applied on Riverton Road in the area of the accident which would have ensured proper bonding with the asphalt thereby preventing the loss of cover aggregate and/or aggregate whip-off while knowing same was a dangerous condition to vehicular traffic;

f. In failing to use reasonable care and diligence to provide adequate application of the underlying bituminous material in and around the area of the accident;

g. In failing to use reasonable care and diligence to ensure adequate and proper compaction of the aggregate material once applied to the road surface prior to the accident and prior to allowing vehicular travel on said resurfaced road in the area of the accident;

h. In failing to use reasonable care and diligence given the ambient conditions to ensure proficient curing and sufficient curing time of the new surface treatment before reopening the roadway to traffic in the area of the accident;

i. In failing to provide any center lane markings and/or dividing lines on the road area prior to reopening the area for traffic use;

j. In failing to detour traffic during the time of resurfacing or otherwise prevent vehicular traffic until the hazardous whip-off condition and/or loss of aggregate cover in the area of accident could have been identified and collected;

k. In failing to use reasonable care and diligence in the posting of advisory speed signs during the active construction phase as required by proper standards of care, thereby constituting a dangerous and defective condition of roads under the care and control of First Defendant Township as well as Second Defendant AMS;

l.      in failing to properly post 90 degree turn signs prior to entry into the curve in which Plaintiff suffered his accident, as well as to post any type of warning with regard to a 15 miles per hour speed prior to the advance of the curve as required by active construction standards;

m.      In failing to have a procedure for inspection of the aggregate to ensure safe adherence to the asphalt after the resurfacing and prior to opening same for vehicular traffic in order to determine whether any loss of aggregate cover and/or aggregate whip-off existed in the area of the accident;

n.      In failing to properly demarcate the road as to lanes and speed at the time of the accident;

o.      In failing to properly sign the aforesaid accident and construction site;

p.      In having notice of dangerous and hazardous conditions as set forth above and in permitting the condition to exist in spite of such notice;

q.      In failing to warn the public of the dangerous and hazardous conditions set forth above;

r.      In having knowledge of the dangerous condition of aggregate cover loss as well as aggregate whip-off and in failing to remedy those dangerous and hazardous conditions before this accident; and

s.      In failing to use reasonable care and diligence in the supervision and inspection of the construction and resurfacing of this road area resulting in the said roadway not being constructed in an appropriate and/or safe condition and/or according to proper standards.

13.    As a direct and proximate result of the above-described occurrence and as a factual cause of the accident and injuries to the Plaintiff, the Plaintiff, Mark Chmielewski, has suffered bodily injuries which are or may be serious and permanent including, but not limited to, a crushing and comminuted injury to his left leg which later resulted in amputation, a fractured right wrist, sprained right ankle, cracked lower 4th lumbar vertebrae and a partially collapsed lung, as well as various contusions and bruises, all of which have rendered him sick, sore and disabled.

14.    As a direct and proximate result of the above-described occurrence, and as a factual cause of the accident and injuries to the Plaintiff, the Plaintiff was treated for the aforementioned injuries through to and including the date of the filing of this Complaint.

15.    As a direct and proximate result of the above-described occurrence, and as a factual cause of the accident and injuries sustained therein, the Plaintiff has suffered great mental anguish, physical pain and humiliation up to the date of the filing of this Complaint.

16.    As a direct and proximate result of the above-described occurrence, and as a factual cause of the accident and injuries sustained therein, the Plaintiff will continue to suffer great mental anguish, physical pain and humiliation into the future.

17.    As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff has had to expend money for medical care in the past, and is currently obligated to pay $218, 876.00, and may have to expend further monies in the future.

18.     As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff has, up to the date of the filing of this Complaint, suffered a loss of earning capacity and impairment of earning power and capacity.

19.     As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff has suffered a cosmetic deformity which is severe and permanent; to wit, the loss of his left leg.

20.     As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff will have to in the future expend monies to procure a prosthetic limb which will need to be replaced a number of times throughout the Plaintiff's life.

21.     As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff has been unable to pursue and enjoy the usual activities of an individual of the Plaintiff's age, and has suffered a loss of enjoyment of life, loss of happiness and loss of the pleasures of life up to the date of the filing of this Complaint.

22.     As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff will continue to be unable to pursue and enjoy the usual activities of an individual of the Plaintiff's age, and will continue to suffer a loss of enjoyment of life, loss of happiness and loss of the pleasures of life throughout the remainder of his life.

WHEREFORE, Plaintiff, Mark Chmielewski, demands judgment against the First Defendant Township and Second Defendant AMS, individually and jointly, for an amount in excess of Fifty Thousand ($50,000) Dollars.

## Second Cause of Action

### Mark Chmielewski
vs.
### First Defendant Township

23.　　Plaintiff incorporates by reference all of the allegations contained in paragraphs one through twenty-two inclusively as though same were set forth more fully and at length herein.

24.　　At the time, date and place aforesaid, the careless and negligent acts of the First Defendant Township consisted of the following:

　　　　　a.　　In failing to keep the site of the accident on Riverton Road, as specifically described above, in a reasonably safe condition for motor vehicle operation;

　　　　　b.　　In failing to use reasonable care and diligence in the resurfacing of Riverton Road at the site of the accident with regard to the methods of aggregate preparation and application;

　　　　　c.　　In failing to spread the aggregate (gravel) within sufficient time after the asphalt materials were applied to the pavement service, and in failing to ensure proper adherence to the road surface;

　　　　　d.　　In failing to use reasonable care and diligence to ascertain whether or not there was loss of cover aggregate and/or aggregate whip-off following the resurfacing of Riverton Road in the area of the accident at any time prior to allowing traffic to proceed to use said recently resurfaced road;

e.     In failing to use reasonable care to ensure that suitably prepared aggregate was applied on Riverton Road in the area of the accident which would have ensured proper bonding with the asphalt thereby preventing the loss of cover aggregate and/or aggregate whip-off while knowing same was a dangerous condition to vehicular traffic;

f.     In failing to use reasonable care and diligence to provide adequate application of the underlying bituminous material in and around the area of the accident;

g.     In failing to use reasonable care and diligence to ensure adequate and proper compaction of the aggregate material once applied to the road surface prior to the accident and prior to allowing vehicular travel on said resurfaced road in the area of the accident;

h.     In failing to use reasonable care and diligence given the ambient conditions to ensure proficient curing and sufficient curing time of the new surface treatment before reopening the roadway to traffic in the area of the accident;

i.     In failing to provide any center lane markings and/or dividing lines on the road area prior to reopening the area for traffic use;

j.     In failing to detour traffic during the time of resurfacing or otherwise prevent vehicular traffic until the hazardous whip-off condition and/or loss of aggregate cover in the area of accident could have been identified and collected;

k.     In failing to use reasonable care and diligence in the posting of advisory speed signs during the active construction phase as required by proper standards of care, thereby constituting a dangerous and defective condition of roads under the care and control of First Defendant Township as well as Second Defendant AMS;

l.    in failing to properly post 90 degree turn signs prior to entry into the curve in which Plaintiff suffered his accident, as well as to post any type of warning with regard to a 15 miles per hour speed prior to the advance of the curve as required by active construction standards;

m.    In failing to have a procedure for inspection of the aggregate to ensure safe adherence to the asphalt after the resurfacing and prior to opening same for vehicular traffic in order to determine whether any loss of aggregate cover and/or aggregate whip-off existed in the area of the accident;

n.    In failing to properly demarcate the road as to lanes and speed at the time of the accident;

o.    In failing to properly sign the aforesaid accident and construction site;

p.    In having notice of dangerous and hazardous conditions as set forth above and in permitting the condition to exist in spite of such notice;

q.    In failing to warn the public of the dangerous and hazardous conditions set forth above;

r.    In having knowledge of the dangerous condition of aggregate cover loss as well as aggregate whip-off and in failing to remedy those dangerous and hazardous conditions before this accident; and

s.    In failing to use reasonable care and diligence in the supervision and inspection of the construction and resurfacing of this road area resulting in the said roadway not being constructed in an appropriate and/or safe condition and/or according to proper standards.

25.     As a direct and proximate result of the above-described occurrence, and as a factual cause of the injuries sustained therein, the Plaintiff, Mark Chmielewski has suffered all of the damages set forth in paragraphs thirteen through twenty-two of the First Cause of Action, and those paragraphs are incorporated herein.

WHEREFORE, Plaintiff, Mark Chmielewski, demands judgment against the First Defendant Township for an amount in excess of Fifty Thousand ($50,000) Dollars.

### Third Cause of Action

**Mark Chmielewksi**
**vs.**
**Second Defendant AMS**

26.     Plaintiff incorporates by reference all of the allegations contained in paragraphs one through twenty-five inclusively as though same were set forth more fully and at length herein.

27.     At the time, date and place aforesaid, as well as a number of days proceeding the accident set forth herein involving Plaintiff, Mark Chmielewski, Plaintiff believes and therefore avers that the Second Defendant AMS provided construction materials including, but not limited to, aggregate curing and adhering material, services and equipment by way of contract to First Defendant Township in order to complete the resurfacing of the Riverton Road project.

28.     Plaintiff believes and therefore avers that pursuant to this contractual duty and provision of the products and services aforesaid that the Second Defendant AMS had a duty given the relative inexperience of the Township maintenance crew to provide warnings and instructions concerning the proper set up of the construction zone in terms of signs and instructions for speed limit reduction and dangers.

29.     Plaintiff believes and therefore avers that the Second Defendant AMS had a duty to provide instructions as to installation, curing and inspection following resurfacing of the road and prior to the accident to Plaintiff complained of herein.

30.     It is specifically believed and averred by the Plaintiff that the Second Defendant AMS failed to provide sufficient warnings and instructions concerning the problem of aggregate whip-off and/or loss of cover aggregate and failed to suitably instruct the Township as to how to avoid the dangerous of hazardous vehicular travel following resurfacing of the road in question.

31.     Plaintiff believes and avers that there was a complete lack of due care and reasonable conduct by the Second Defendant AMS in failing to instruct the First Defendant Township and their personnel in the proper application, inspection and work being performed during the resurfacing.

32.     Plaintiff believes and therefore avers that the Second Defendant AMS failed to instruct the Township of the necessity of preventing vehicular traffic until such time following the resurfacing of Riverton Road until such time as same could travel in the area of the accident without encountering aggregate whip-off and/or loss of cover aggregate.

33.     As a direct and proximate result of the above-described occurred and as a factual cause of the accident and injuries sustained therein, the Plaintiff has suffered all of the injuries set forth in paragraphs thirteen through twenty-two as though set forth fully and at length herein.

WHEREFORE, Plaintiff, Mark Chmielewski, demands judgment against the Second Defendant AMS for an amount in excess of Fifty Thousand ($50,000) Dollars.

## Fourth Cause of Action

### Mark Chmielewski
vs.
### Second Defendant AMS

34.     Plaintiff incorporates by reference all of the allegations contained in paragraphs one through thirty-three inclusively as though same were set forth more fully and at length herein.

35.     The Second Defendant AMS sold and/or manufactured the various aggregate and adherence chemicals in such a condition as to create an unreasonably dangerous condition to the Plaintiff and other users following its application, and by failing to provide adequate warning and notice and a safe product, rendered the application of this product unreasonably dangerous to the Plaintiff and other users.

36.     The aforesaid chemical curative and adherence chemicals as well as the aggregate provided by the Second Defendant AMS to First Defendant Township were unsafely designed, manufactured, mixed, and sold by the Second Defendant AMS to the First Defendant Township.

37.     The Second Defendant AMS failed to warn the First Defendant Township of the inherent and foreseeable dangers in the use of said products being provided for the resurfacing project on Riverton Road in the area of the accident.

38.     The sale and or manufacture of such products to be used in the resurfacing of Riverton Road by the Second Defendant AMS to the First Defendant Township and their subsequent application was an indication to the Plaintiff that such product was safe for use and was not subjected to the defects later causing this accident.

39.     The Plaintiff had no reason to contemplate the said application of road materials was defective and/or as a result of improperly manufactured chemicals.

40.     The use of the products once applied by the Plaintiff as well as the First Defendant Township was for the purposes and in such manner intended and as expected by Second Defendant AMS.

41.     The Second Defendant AMS failed to warn the Plaintiff of the dangers which the Plaintiff became subjected to during the use of the road in question.

42.     The Second Defendant AMS failed to warn the Plaintiff as well as the First Defendant Township of the dangers inherent in the use of said products.

43.     As a direct and proximate result of the above-described occurred and as a factual cause of the accident and injuries sustained therein, the Plaintiff has suffered all of the injuries set forth in paragraphs thirteen through twenty-two as though set forth fully and at length herein.

WHEREFORE, Plaintiff, Mark Chmielewski, demands judgment against the Second Defendant AMS pursuant to Section of 402 (a) of the Restatement of Torts including, but not limited to, failure to warn for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

JOHN R. VIVIAN, JR.
I.D. No. 34459
831 Lehigh Street
Easton, PA  18042
(610) 258-6625
Attorney for Plaintiff

COMMONWEALTH OF PENNSYLVANIA      )
                                            ) SS:

COUNTY OF NORTHAMPTON                 )

        MARK CHMIELEWSKI              being duly sworn according to law, deposes

and says that the facts set forth in the foregoing      COMPLAINT

are true and correct to the best of his/her knowledge, information and belief.

x _Mark Chmielewski_

Sworn to and subscribed before me

this 24th     day of ~~July~~ , 200 8 .

_Stella D. Hammerstone_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
STELLA D. HAMMERSTONE, Notary Public
City of Easton, Northampton County
My Commission Expires June 13, 2009

DAVIS, PARRY & TYLER
By: Robert S. Davis
Email: rsdavis@dpt-law.com
Attorney I.D. No. 02752
Fourteenth Floor
1525 Locust Street
Philadelphia, PA  19102-3732
(215) 732-3755

Attorney for Defendant,
Asphalt Maintenance Solutions, LLC

| | |
|---|---|
| MARK CHMIELEWSKI | : COURT OF COMMON PLEAS |
| | : NORTHHAMPTON COUNTY, |
| v. | : PENNSYLVANIA |
| | : |
| UPPER MOUNT BETHEL TOWNSHIP | : NO. C0048CV2008 7393 |
| and | : |
| | : |
| ASPHALT MAINTENANCE SOLUTIONS, LLC | : |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

      Kindly enter my appearance as counsel for the defendant, Asphalt Maintenance

Solutions, LLC, in the above-captioned matter.

Date: August 18, 2008

_____
ROBERT S. DAVIS
Attorney for Defendant,
Asphalt Maintenance Solutions, LLC

DAVIS, PARRY & TYLER
By: Robert S. Davis
Email: rsdavis@dpt-law.com
Attorney I.D. No. 02752
Fourteenth Floor
1525 Locust Street
Philadelphia, PA  19102-3732          Attorney for Defendant,
(215) 732-3755                        Asphalt Maintenance Solutions, LLC

| | | |
|---|---|---|
| MARK CHMIELEWSKI | : | COURT OF COMMON PLEAS |
| | : | NORTHHAMPTON COUNTY, |
| v. | : | PENNSYLVANIA |
| | : | |
| UPPER MOUNT BETHEL TOWNSHIP | : | NO. C0048CV2008 7393 |
| and | : | |
| | : | |
| ASPHALT MAINTENANCE SOLUTIONS, LLC | : | |

## DEMAND FOR JURY TRIAL

    Defendant, Asphalt Maintenance Solutions, LLC, by and through its undersigned

counsel, hereby demands a trial by jury in the above-captioned matter.

Date: August 18, 2008

                              ROBERT S. DAVIS
                              Attorney for Defendant,
                              Asphalt Maintenance Solutions, LLC