DAVIS, PARRY & TYLER
By: Robert S. Davis
Email: rsdavis@dpt-law.com
Attorney I.D. No. 02752
Fourteenth Floor
1525 Locust Street
Philadelphia, PA  19102-3732          Attorney for Defendant,
(215) 732-3755                        Asphalt Maintenance Solutions, LLC

---

| | | |
|---|---|---|
| MARK CHMIELEWSKI | : | IN THE UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| v. | : | PENNSYLVANIA |
| | : | |
| UPPER MOUNT BETHEL TOWNSHIP and | : | |
| ASPHALT MAINTENANCE SOLUTIONS, LLC | : | NO.  08CV4092 |

---

## ANSWER AND CROSSCLAIM

## ANSWER

The defendant, Asphalt Maintenance Solutions, LLC, by its attorney, Robert S. Davis,

responds as follows to the plaintiff's Complaint:

## FIRST DEFENSE

Answering defendant responds to each paragraph of the plaintiff's Complaint as follows:

1.  Following reasonable investigation answering defendant is without information sufficient

to admit or deny these averments and thus they are denied.

2.  The averments of this paragraph are directed solely at a party other than answering

defendant from which no response is required; insofar as facts are alleged, following reasonable

investigation answering defendant is without information sufficient to admit or deny these averments and

thus they are denied.

3.   The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as agency is alleged such averment is denied with respect to the entity defendant; it is admitted that answering defendant is a limited liability company authorized to do business in the Commonwealth of Pennsylvania; the address stated is denied as answering defendant's business address is P. O. Box 387, Center Valley, Pennsylvania 18034; it is admitted that answering defendant was a supplier to the township defendant.

4.   The averments of this paragraph are directed solely at a party other than answering defendant from which no response is required; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

5.   The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied.

6.   Following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

7.   Following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

8.   Insofar as the averments apply to the township defendant, the averments of this paragraph are directed solely at a party other than answering defendant from which no response is required; insofar as the terms "with the aid and assistance of..." answering defendant alleges a legal relationship, such averments consist of a conclusion of law requiring no specific response; insofar as the same terms imply an

2

agency relationship, such averment is denied, for, on the contrary, answering defendant was a supplier of materials and services under the sole control of the township defendant.

9. The averments of this paragraph consist a conclusion or conclusions of law requiring no specific response and are deemed denied.

10. The averments of this paragraph consist a conclusion or conclusions of law requiring no specific response and are deemed denied.

## First Cause of Action

11. Paragraphs 1 through 10 are incorporated herein by reference.

12. The averments of this paragraph consist a conclusion or conclusions of law requiring no specific response and are deemed denied.

13. The averments of this paragraph consist a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

14. The averments of this paragraph consist a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

15. The averments of this paragraph consist a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are

denied.

16. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

17. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

18. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

19. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

20. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

21. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

22. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

WHEREFORE, the defendant, Asphalt Maintenance Solutions, LLC, respectfully requests judgment in its favor and against the plaintiff.

## Second Cause of Action

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. The averments of this paragraph are directed solely at a party other than answering defendant from which no response is required.

25. The averments of this paragraph are directed solely at a party other than answering defendant from which no response is required; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

WHEREFORE, the defendant, Asphalt Maintenance Solutions, LLC, respectfully requests judgment in its favor and against the plaintiff.

### Third Cause of Action

26.  Paragraphs 1 through 25 are incorporated herein by reference.

27.  Denied as stated; answering defendant supplied materials and services to the township defendant pursuant to the terms of a contract only during the period when the actual repaving work was carried out; averments as to the materials sold by answering defendant are denied and proof of same is demanded.

28.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied.

29.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

30.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

31.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

32.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

33.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

WHEREFORE, the defendant, Asphalt Maintenance Solutions, LLC, respectfully requests

judgment in its favor and against the plaintiff.

### Fourth Cause of Action

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; averments as to the materials sold by answering defendant are denied and proof of same is demanded.

36. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; averments as to the materials sold by answering defendant are denied and proof of same is demanded.

37. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; averments as to the materials sold by answering defendant are denied and proof of same is demanded.

38. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; averments as to the materials sold by answering defendant are denied and proof of same is demanded.

39. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

40. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

41. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein.

42.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; averments as to the materials sold by answering defendant are denied and proof of same is demanded.

43.  The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response and are deemed denied; paragraph 8 is incorporated herein; averments as to the materials sold by answering defendant are denied and proof of same is demanded; insofar as facts are alleged, following reasonable investigation answering defendant is without information sufficient to admit or deny these averments and thus they are denied.

WHEREFORE, the defendant, Asphalt Maintenance Solutions, LLC, respectfully requests judgment in its favor and against the plaintiff.

## SECOND DEFENSE

The plaintiff's Complaint fails to set forth a claim or cause of action against answering defendant upon which relief can be granted.

## THIRD DEFENSE

The claims of the plaintiff are or may be barred by applicable statutes of limitation.

## FOURTH DEFENSE

The claims of the plaintiff are or may be barred by applicable statutes of repose.

## FIFTH DEFENSE

The claims of the plaintiff are or may be barred or limited by his negligence or contributory negligence and by the effect of the Pennsylvania Comparative Negligence Act.

### SIXTH DEFENSE

The claims of the plaintiff are or may be barred by the effect of the doctrine of assumption of risk.

### SEVENTH DEFENSE

It is denied that answering defendant was negligent in any way or was involved in any other liability-producing conduct or failure to act of any description.

### EIGHTH DEFENSE

It is denied that the plaintiff has a right to any prejudgment interest or delay damages, as the lack of constitutionality of Pennsylvania delay damages rules is hereby raised and it is further denied that plaintiff is entitled to any delay damages during any period of delay in the trial of this action caused or contributed to by the plaintiff and his attorney.

### NINTH DEFENSE

Answering defendant hereby incorporates by reference, as if set forth in full, all of the defenses and affirmative defenses averred herein by other defendants including third-party defendants and any defendants subsequently joined to this action.

### TENTH DEFENSE

The negligent acts or omissions or otherwise liability-producing conduct on the part of other individuals or entities, including but not limited to other parties to this action, may have caused or contributed to the plaintiff's injuries or damages, if any, and may have thereby constituted an intervening, superseding cause thereof.

### ELEVENTH DEFENSE

Any injuries or damages proven by the plaintiff in this action were not proximately caused by answering defendant.

### TWELFTH DEFENSE

The claims of the plaintiff are barred or limited by the misuse, abuse and/or use in a manner other than for its intended use and purpose, by the plaintiff or others of any product supplied in any fashion by answering defendant.

### THIRTEENTH DEFENSE

Any product supplied in any fashion by answering defendant that is relevant or material to the plaintiff's causes of action was, at every relevant time, consistent in every way with contract specifications set by a sovereign governmental body, agency or entity or by another entity separate and apart from answering defendant.

### FOURTEENTH DEFENSE

The plaintiff's injuries and losses were caused solely by negligent, careless or otherwise liability-producing conduct of persons or entities over which the answering defendant had no control or right of control.

### FIFTEENTH DEFENSE

It is denied that any product supplied in any fashion by answering defendant was defective in any way.

### SIXTEENTH DEFENSE

It is denied that answering defendant was a seller or manufacturer or supplier of a product

10

or chattel as those terms are used in the Restatement of Torts, Second and thus cannot be strictly liable to the plaintiff on §402A grounds.

### SEVENTEENTH DEFENSE

The collateral source rule does not apply such that, if the plaintiff should be awarded money damages, such a possibility being specifically denied, then the amount of said damages must be reduced by the total amount of any payments the plaintiff has received from any collateral source.

### EIGHTEENTH DEFENSE

If answering defendant was negligent or otherwise responsible for any liability-producing action or inaction relative to the subject matter of the plaintiff's Complaint, all such allegations being denied, said answering defendant's negligence or other liability-producing action was passive and the injuries sustained by the plaintiff were the result of an intervening negligent or otherwise liability-producing act of a third person or persons forming a superseding cause of the plaintiff's injuries and, as a consequence, answering defendant is without liability to the plaintiff or any other party to this action.

### NINETEENTH DEFENSE

Any product designed, manufactured, or distributed by answering defendant, averments regarding thereto being expressly denied, was not a substantial contributing factor to any injury or damage alleged to have been sustained by plaintiff.

### TWENTIETH DEFENSE

The claims of the plaintiff are or may be barred or limited by the provisions of his policy of automobile liability insurance in effect at the date and time of the alleged accident or by the effects of the policy of liability insurance covering the vehicle he was operating at the aforesaid date and time, or by both

such policies.

### TWENTY-FIRST  DEFENSE

The claims of the plaintiff are or may be barred or limited by the effect of the Pennsylvania

Motor Vehicle Financial Responsibility Law or by similar statutes of other states.

### TWENTY-SECOND DEFENSE

The contract under which answering defendant provided materials and services for the

defendant township, a copy of answering defendant's file copy of which is attached hereto, marked Exhibit

"A" and incorporated herein, provides that it is a contract for supply of equipment and for materials only,

and bars or limits the claims of the plaintiff as to answering defendant.

### TWENTY-THIRD  DEFENSE

The claims of the plaintiff are or may be barred by the doctrines of claim preclusion, res

judicata, issue preclusion and collateral estoppel.

### TWENTY-FOURTH  DEFENSE

Answering defendant owed no duty to plaintiff.

### TWENTY-FIFTH  DEFENSE

Answering defendant breached no duty to plaintiff.

### TWENTY-SIXTH  DEFENSE

The alleged negligence of answering defendant, if any, was not a substantial factor in

bringing about the injuries and/or damages claimed by plaintiff within.

### TWENTY-SEVENTH  DEFENSE

Answering defendant did not control, attempt to control, or retain the right to control the

manner, means and/or method of the work performed, or to be performed by any other defendant to this action including any which may hereafter be joined.

### TWENTY-EIGHTH  DEFENSE

Answering defendant reserves the right to supplement, modify and/or amend its new matter defenses as discovery and investigation continues in this action.

### TWENTY-NINTH  DEFENSE

Plaintiff's claims for medical expenses must be reduced by the total amount of any and all medical expenses charged, but not actually paid by or on behalf of plaintiff.  Any amount of medical expenses claimed by plaintiff must be reduced by any expenses written off or deducted by any health care provider.

### THIRTIETH  DEFENSE

No act or omission by answering defendant was a substantial factor, proximate cause, or cause in fact of the damages claimed by the plaintiff in this case.

WHEREFORE, the defendant, Asphalt Maintenance Solutions, LLC, respectfully requests judgment in its favor and against the plaintiff.

### CROSSCLAIM

The defendant, Asphalt Maintenance Solutions, LLC, crossclaims against the defendant, Upper Mount Bethel Township, pursuant to Pa. R.C.P. 1031.1, as follows:

1. For purposes of this crossclaim the averments of fact and the averments of fault and liability set forth in plaintiff's Complaint, otherwise at issue as set forth above, as well as all contracts to which answering defendant was party or a beneficiary are incorporated herein.

13

2.  If it is judicially determined that the plaintiff has a right to recover damages, same being denied, then such recovery should be effected only against the defendant, Upper Mount Bethel Township, and in the event of a judgment for the plaintiff and against the defendant and crossclaimant, Asphalt Maintenance Solutions, LLC,, said defendant is entitled to and requests judgment against the defendant, Upper Mount Bethel Township, for contribution and indemnification.

WHEREFORE, the defendant, Asphalt Maintenance Solutions, LLC, respectfully requests judgment in its favor and against the plaintiff and, in regard to its crossclaim, respectfully requests judgment in its favor and against the defendant, Upper Mount Bethel Township, for contribution or indemnification.

Date:    August 29, 2008

_____
ROBERT S. DAVIS
Attorney for Defendant, Asphalt Maintenance
Solutions, LLC

## **CERTIFICATION OF SERVICE**

I hereby certify that I am this day serving a copy of the foregoing document upon the

individuals indicated on the attached below by depositing a copy of same in the United States Mail,

Philadelphia, Pennsylvania with First Class postage prepaid, which service satisfies the requirements of all

applicable rules of civil procedure:

John R. Vivian, Jr., Esquire
Law Offices of John R. Vivian, Jr.
831 Lehigh Street
Easton, PA 18042
*Attorney for Plaintiff*

Kevin W. Lynch, Esquire
Law Offices of Thomas Patrick Fay
United Plaza
30 South 17th Street
Suite 1730
Philadelphia, PA 19103
*Attorney for Defendant, Upper Mount Bethel Township*

Date:   August 29, 2008

ROBERT S. DAVIS
Attorney for Defendant, Asphalt Maintenance
Solutions, Inc.

# EXHIBIT "A"

973521

# THE AMERICAN INSTITUTE OF ARCHITECTS



AIA Document A310

# Bid Bond

## KNOW ALL MEN BY THESE PRESENTS, that we

Asphalt Maintenance Solutions, LLC          1714 Dell Street

as Principal, hereinafter called the Principal, and

*(Here insert full name and address or legal title of Contractor)*
Allentown                18103

Contractors Bonding and Insurance Comp P.O. Box 9271

*(Here insert full name and address or legal title of Surety)*
Seattle          WA  98109

a corporation duly organized under the laws of the State of
as Surety, hereinafter called the Surety, are held and firmly bound unto

*(Here insert full name and address or legal title of Owner)*

Upper Mt. Bethel Township

as Obligee, hereinafter called the Obligee, in the sum of

Twenty Thousand Dollars

Dollars ($  20,000          ),

for the payment of which sum well and truly to be made, the said Principal and the said Surety, bind
ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by
these presents.

WHEREAS, the Principal has submitted a bid for

*(Here insert full name and address and description of project)*

Equipment Rental & Road Oils
Upper Mt. Bethel Township

NOW,  THEREFORE,  if the Obligee shall accept the bid of the Principal and the Principal shall enter into a Contract
with the Obligee in accordance with the terms of such bid, and give such bond or bonds as may be specified in the bidding
or Contract Documents with good and sufficient surety for the faithful performance of such Contract and for the prompt
payment of labor and material furnished in the prosecution thereof, or in the event of the failure of the Principal to enter such
Contract and give such bond or bonds, if the Principal shall pay to the Obligee the difference not to exceed the penalty
hereof between the amount specified in said bid and such larger amount for which the Obligee may in good faith contract
with another party to perform the Work covered by said bid, then this obligation shall be null and void, otherwise to remain
in full force and effect.

Signed and sealed this          7          day of    February          20 05

_____          Asphalt Maintenance Solutions, LLC
        (Witness)                                              (Principal)          (Seal)

                                        _____  Managing Member
                                                (Title)

_____          Contractors Bonding and Insurance C
        (Witness)                                              (Surety)          (Seal)

                                        _____
                                        Ellen Neylan          (Title)

"This document has been reproduced electronically with the permission of The American Institute of Architects under
license number 97020-1002 to W. Bruce Beaton Co., Inc., which expires February 2, 2005. Reproduction of this
document after that date or without project specific information is not permitted."

AIA DOCUMENT A310 · BID BOND · AIA® · FEBRUARY 1970 ED · THE AMERICAN
INSTITUTE OF ARCHITECTS, 1735 N.Y. AVE., N.W., WASHINGTON, D.C. 20006

9/93

1

MS-963 (11-02)



**PROPOSAL AND CONTRACT FOR
EQUIPMENT AND/OR MATERIALS ONLY \***

INSTRUCTIONS ON PAGE 4

**(THIS PROPOSAL INCLUDES
INSTRUCTIONS TO BIDDERS)**

**A.   DEPOSIT OF PROPOSALS.**

1.   All envelopes containing Bid proposals shall be clearly marked "Bid Proposal for letting of Feb. 9, 2006
     _____DATE_____

     Sealed Proposals will be received on or before _1:00 p. m._, on the above Letting Date.
     _____TIME_____

     Bids will be opened and read at approximately _1:00 p. m._, on the above Letting Date.
     _____TIME_____

Upper Mt. Bethel Township
_____MUNICIPALITY   (NAME & TYPE)_____

Edward M. Nelson
_____SECRETARY_____

387 Ye Olde Highway

Mt. Bethel   PA   18343
_____ADDRESS_____

PROPOSALS MUST BE MAILED OR OTHERWISE
DELIVERED TO THE ABOVE ADDRESS.

2.   Supplier agrees to furnish and deliver those items for which prices have been indicated on the Schedule of Prices (Attachment 1) in accordance with the current PennDOT Specifications (Pub. 408), ~~except bidders need not be prequalified by PennDOT (Sec. 102.01).~~ It is understood that: (1) Bituminous materials will be purchased weight or converted gallons at 60 F. (2) Supplier must finish Form CS-4171, CERTIFICATE OF COMPLIANCE. (3) The Municipality reserves the right to make an award on the basis of quotations received for any item or on the basis of the aggregate total for all like items on which quotations are received.

3.   Contract shall expire in one year from Date of Award or   Feb. 13, 2007
     _____(DATE)_____

**B.   CONTRACTOR'S CERTIFICATION**

Proposal of   Asphalt Maintenance Solutions, LLC
     _____(NAME OF CONTRACTOR)_____
     P.O. Box 387, Center Valley , PA 18034
     _____(ADDRESS)_____

1.   It is hereby certified as follows:

a.   The only person (s) having an interest in this proposal is (are) [include owners of leased equipment]:
     Asphalt Maintenance Solutions, LLC

b.   None of the above persons are employees of the municipality.

c.   This proposal is made without collusion with any other person, firm or corporation.

d.   All specifications referred to above have been examined by the suppliers. The supplier understands that the quantities indicated herein are approximate and are subject to change as may be required; and that all work is payable on the basis of the unit prices listed on the Schedule of Prices (Attachment 1).

2.   Accompanying this proposal is a certified check or bid bond in the amount of $         made payable to the municipality, as a proposal guarantee which, it is understood, will be forfeited in case the supplier fails to comply with the requirements of the proposal.

3.   Name(s) of source(s) of supply of bituminous materials.

     Sem Materials
     Asphalt Paving Systems
     Hammaker East, LTD

-1-

\* For Contract Projects, use MS-944.

IS-963

4.  The supplier will comply with all requirements of the laws and implementing regulations of the Commonwealth of Pennsylvania and of the United States relating to human relations, equal oppurtunity and non-discrimination in employment, and will pay to workmen employed in the performance of the contract the wages to which they may be entitled and, when required by law, not less than the applicable prevailing wage.

5.  The supplier will provide the municipality with a performance bond, conditioned upon the faithful performance of the contract.

**WITNESS OR ATTESTED BY:**                          *Asphalt Maintenance Solutions,LLC*
SUPPLIER
_____                     BY: _____
TITLE: *Kate Crouthamel*                          TITLE: *Terry Crouthamel Jr.*

(PLACE SEAL HERE)                                  (PLACE SEAL HERE)

*TO BE EXECUTED ONLY IN THE EVENT THE ABOVE PROPOSAL IS ACCEPTED*

**ACCEPTED ON:**

**ATTESTED BY:**

DATE _____

TITLE: _____

MUNICIPALITY _____

BY: _____
TITLE: _____

(SEAL)

TITLE: _____

**TOTAL AMOUNT OF CONTRACT:**

TITLE: _____

$ _____

**ITEMS INCLUDED IN CONTRACT:**

-2-

3

MS-963

# SCHEDULE OF PRICES
## FOR EQUIPMENT AND / OR MATERIALS

EQUIPMENT Type, Make, Model, Specifications: _____

_____

Delivery Date: _____      F.O.B. _____

PRICE      $

OUTRIGHT PURCHASE      - Trade-in      $ _____

Net      $ _____

RENTAL WITH PURCHASE OPTION ( Rental to be applied to purchase price.)
Rental: _____ per _____
( Hour, day, week, month, etc.)

PRICE      $ _____

- Trade-in      $ _____

Net      $ _____

## PROPOSAL AND CONTRACT INSTRUCTONS

1. The proposal must be typewritten or printed.

2. If more than one proposal on any project is submitted by any individual, firm or partnership, corporation or association under the same or different names, only one lowest proposal will be considered.

3. Bid bonds may be waivered by municipality by crossing it out on Proposal Form 963.

4. Part A of page 1 is to be completed by the municipality. Part B of page 1 is to be completed by the supplier. Schedule of Prices - under equipment section the municipality must complete description, delivery date, delivery site, and check appropiate block (s) for outright purchase or rental with purchase option. Under material section all like materials must be listed together and space provided for a total of all like materials. EXAMPLE: All classes of concrete, all sizes of concrete pipe, all sizes corrugated metal pipe, all asphalt materials, etc. Columns 1, 2, 3, 4, and 5 (be sure to include delivery date) must be filled in by the municipality to insure equitable bidding. All of Columns 6, A, 7, B, 8, and C must be filled in by the supplier, unless otherwise indicated. ( Unit Price delivered as directed does not apply to bituminous pavements. Use form MS-944.) If more space is needed, add note at the bottom of the page: " Continued on Attachment 1 - A" and add additional sheet designated as Attachment 1-A, 1-B, etc. Repeat note for each additional sheet required. Municipality may eliminate one or two pairs of Columns 6 through C, if no bids are desired under one or two of the options.

5. Performance bonds are provided only the successful bidder. Bond must be in 50% of contract amount.

6. Where Materials for a Wearing Surface Treatment are part of the contract Average Daily Traffic ( ADT ) Count must be included in the description.

7. Contractor awarded the bid shall receive an approved copy of the contract.

8. Form MS-963 is not to be used for purchasing bituminous or other pavements in place. IF ALTERNATE BIDS MUST BE SECURED, BOTH MS-963 AND MS-944 MUST BE USED.

9. This form is PRIMARILY for use when work is performed by Local Forces.

10. An ESCALATOR CLAUSE is optional; however, it must be included in the proposal prepared by the Municipality. An escalator clause MAY NOT be inserted by the contractor.

- 3 -

## SCHEDULE OF PRICES - MATERIALS

BIDDER NAME: Asphalt Maintenance Solutions, LLC

| 1 ITEM NO. | 2 APPROX. QUANTITY | 3* UNIT | 4** DESCRIPTION | 5 REMARKS AND / OR DELIVERY DATES | 6 UNIT PRICE FOB PLANT | A TOTAL (2 x 6) | 7 UNIT PRICE DELIVERED AT JOB SITE | B TOTAL (2 x 7) | 8*** UNIT PRICE DELIVERED AS DIRECTED | C TOTAL (2 x 8) |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 80 | hours | Computerized Chip Spreader with 2 men | | | | | | 335 | 18,800 |
| | 1 | lump sum | One Way Move | | | | | | 750 | 750 |
| 2. | 80 | hours | Rubber Tire Roller with operator | | | | | | 105 | 8,400 |
| 3. | 20,000 | Gals | RC - 800 | | | | | | 2.97 | 59,400 |
| 4. | 70,000 | Gals | E - 3M | | | | | | 1.53 | 107,100 |
| | | | | | | | | | TOTAL | 194,450 |

\* Gallons - Tons - Feet - etc.   \*\* Includes Class - Size - Diameter

USE OF CUTBACK ASPHALT IS PROHIBITED BETWEEN MAY 1 st
AND OCTOBER 31 st EXCEPT AS NOTED IN BULLETIN NO. 25.

\*\*\*For Bituminous or other Pavements in Place, Use Form 944
ALL COLUMNS MUST BE COMPLETED UNLESS OTHERWISE INDICATED.